101 F.3d 682
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Patrick BROWN, Defendant-Appellant.
 No. 95-1608.
 United States Court of Appeals, Second Circuit.
 April 11, 1996.
 
 Appearing for Appellant:Stanley Lafazan, N.Y., N.Y.
 Appearing for Appellee:Paul M. Gamble, Ass't U.S. Att'y, EDNY, Brooklyn, N.Y.
 E.D.N.Y.
 AFFIRMED.
 Before KEARSE, ALTIMARI and JACOBS, Circuit Judges.
 
 
 1
 Defendant Patrick Brown appeals from an October 18, 1995 judgment of conviction entered in the United States District Court for the Eastern District of New York following a jury trial before David G. Trager, Judge, convicting him on one count of conspiracy to import cocaine into the United States, along with two counts of importation of cocaine and two counts of possession of cocaine with intent to distribute. He was sentenced principally to 120 months' imprisonment, to be followed by an eight-year term of supervised release. On appeal, Brown contends principally that his conspiracy conviction should be reversed because the evidence of his knowing and intentional participation in the conspiracy was "equivocal." We conclude that the evidence was sufficient, and we affirm the judgment of conviction.
 
 
 2
 In challenging the sufficiency of the evidence to support his conviction, a defendant bears a heavy burden. See, e.g., United States v. Esdaille, 769 F.2d 104, 108 (2d Cir.), cert. denied, 474 U.S. 923 (1985); United States v. Losada, 674 F.2d 167, 173 (2d Cir.), cert. denied, 457 U.S. 1125 (1982). In reviewing such a challenge, we must credit every inference that could have been drawn in the government's favor, see, e.g., United States v. Weiss, 930 F.2d 185, 191 (2d Cir.), cert. denied, 502 U.S. 842 (1991); United States v. Carson, 702 F.2d 351, 361 (2d Cir.), cert. denied, 462 U.S. 1108 (1983), viewing pieces of evidence not in isolation but in conjunction, see, e.g., United States v. Podlog, 35 F.3d 699, 705 (2d Cir.1994), cert. denied, 115 S.Ct. 954 (1995); United States v. Brown, 776 F.2d 397, 403 (2d Cir.1985), cert. denied, 475 U.S. 1141 (1986). We must affirm the conviction so long as, from the inferences reasonably drawn, the jury might fairly have concluded guilt beyond a reasonable doubt. See, e.g., United States v. Buck, 804 F.2d 239, 242 (2d Cir.1986); United States v. Taylor, 464 F.2d 240, 244-45 (2d Cir.1972). The weight of the evidence is a matter for argument to the jury, not a ground for reversal on appeal. See, e.g., United States v. Roman, 870 F.2d 65, 71 (2d Cir.), cert. denied, 490 U.S. 1109 (1989).
 
 
 3
 In order to prove a conspiracy, the government "need not present evidence of an explicit agreement; proof of a tacit understanding will suffice." United States v. Skowronski, 968 F.2d 242, 247 (2d Cir.1992). A defendant's knowledge of the conspiracy and his participation in it with criminal intent may be established through circumstantial evidence. See id.
 
 
 4
 In the present case, the evidence, taken in the light most favorable to the government, showed, inter alia, that Brown and one "Andrew" shared the use of a beeper number that coconspirator Marie Callis had used in order to buy drugs from them; that Andrew asked her to import drugs from Jamaica; that after she telephoned the beeper number to respond to that request, she received a telephone call from Andrew's associate "Tommy" and she told Tommy to have Andrew call her; and that Callis then received a call not from Andrew but from Brown, who asked her when she would be ready to go on the trip. The evidence also showed that Brown made all the arrangements for the trip, drove Callis to the airport, and gave her airplane tickets and cash; that during the drive to the airport, another coconspirator who was also to fly to Jamaica told Callis that he had "done this before" and that he and Callis should not converse or appear to know each other on the airplane; that Brown was to meet Callis at the airport upon her return from Jamaica; and that when she returned with the cocaine, Brown was there and signaled her, but, upon seeing a policeman, he turned and fled. The evidence as a whole was ample to permit a rational juror to infer beyond a reasonable doubt that Brown was a knowing and intentional participant in the conspiracy to import drugs into the United States and that he aided in their importation.
 
 
 5
 In his rebuttal statement at oral argument, Brown also sought to make a sufficiency challenge to the substantive counts on which he was convicted. Since his brief (and indeed his opening oral argument) challenged only the conviction for conspiracy, the belated challenge to the substantive counts is not properly before us. See generally Fed. R.App. P. 28(a)(6). In any event, the evidence was ample to support those convictions on an aiding-and-abetting theory.
 
 
 6
 We have considered all of Brown's contentions on this appeal and have found them to be without merit. The judgment of conviction is affirmed.